SAMUEL T. KING *vs.* AROOSTOOK COUNTY.

*Way—unincorporated township liable for repair of.*

When a county road exists within the limits of an unincorporated township, the whole township is liable to be taxed to put it in repair, notwithstanding the easterly half of the township is owned by one set of persons and the westerly half by another set, and the road is wholly within the westerly half.

ON FACTS AGREED.

ASSUMPSIT to recover a tax assessed to repair a road, under R. S., c. 6, § 53, five twelfths of the expense being assessed upon the

easterly and the rest upon the westerly half of an unincorporated township. The way lay entirely within the limits of the westerly half of said township, while the plaintiff's land, assessed for this tax, lay wholly in the easterly half. The only question presented is whether or not the lands in the easterly half are liable to be assessed for ways through the westerly half, the two halves having been granted to different persons at different times, and ever since owned separately, and separately assessed for State, county and road taxes.

*Madigan & Donworth,* for the plaintiff.

*Wm. M. Robinson,* county attorney, for the defendants.

WALTON, J. The right to maintain this suit depends upon the meaning of the words "tracts of land," as used in the R. S., c. 6, § 53.

That section requires county commissioners to make an annual inspection of all county roads in the "unincorporated townships, and tracts of land" in their counties, and assess thereon a sum sufficient to put them in repair.

The question is whether, when a township has been sold by the State to different parties, the easterly half to one set of purchasers, and the westerly half to another set—the township is to be regarded as divided into two distinct tracts, so that the easterly half cannot be legally taxed to aid in putting in repair a road located wholly within the westerly half.

We think it is not. We think the true construction of the statute is, that when a county road exists within the limits of an unincorporated township, the whole township is liable to be taxed to put it in repair. That for the purposes of such taxation the township is a unit, and cannot be regarded as composed of two distinct tracts of land simply because there are two separate and distinct sets of owners. We think the words "tracts of land" are used to designate islands, gores, or other fragments not included in a township; and that they were not intended to apply to any portion of the land within a regularly located township.

This construction of the statute is conclusive against the right of the plaintiff to recover back the tax assessed and paid on the easterly half of the township mentioned in the agreed statement of facts. *Plaintiff nonsuit.*

APPLETON, C. J., CUTTING, BARROWS, DANFORTH and PETERS, JJ., concurred.